Lois Gay COLEMAN and Howard Coleman, Appellants,

v.

Neal SIMPSON, Appellee.

Court of Appeals of Kentucky.

Oct. 8, 1971.

of $10,000 for physical and mental suffering and $10,000 for impairment of his ability to earn money. The verdict was against defendants-appellants, Lois Gay Coleman and her husband, Howard Coleman. The defendants moved for a new trial on the ground that the verdict was excessive. The trial judge overruled the motion and entered judgment on the verdict. The defendants then appealed to this court. They seek reversal on the sole issue of excessiveness of damages.

Neal Simpson, a 41-year-old man, was injured in an accident when a truck in which he was a passenger was struck by an automobile owned by defendant, Howard Coleman, and driven by defendant, Lois Gay Coleman. The accident was caused by the negligence of the defendant, Lois Gay Coleman.

The plaintiff's medical evidence was to the effect that the accident produced an injury to Simpson's back that resulted in a condition called "radiculitis," which involved pressure on a spinal nerve located at L–5. This condition was defined in laymen's language as pressure on the nerve root causing pain to radiate down along the course of the nerve. The physicians who testified for plaintiff provided substantial evidence from which the jury could believe that the plaintiff's injured condition was permanent; that it caused diminished sensation in his right lower leg; and that plaintiff could not engage in heavy manual labor or physical activity that necessitated bending, pulling, reaching, or pushing for long periods. The defendant introduced the testimony of a physician who stated that he could find no objective signs of injury and that, in his opinion, the plaintiff was not disabled or impaired in his ability to work.

The defendants strongly rely upon two circumstances to sustain their claim of excessiveness of damages. The first is that Simpson did not complain of injury at the time of the accident, but affirmatively indicated that he was not hurt. The second

Edward R. Hays, William J. Baird, Baird & Hays, Pikeville, for appellants.

F. Dale Burke, Joseph W. Justice, Burke & Justice, Pikeville, for appellee.

REED, Judge.

The plaintiff-appellee, Neal Simpson, was awarded a jury verdict in the amount

is that Simpson continued to work after the accident.

Simpson testified that he did not realize his back was hurt until it gave him pain the night of the accident; that the pain continued intermittently for over a year after the accident; that the pain was present at the time of trial; that the pain prevented him from performing heavy manual labor. His medical evidence established that "radiculitis" causes pain.

At the time of the injury, Simpson was employed in the Work, Experience, and Training Program, administered by the state Department of Economic Security; the project in which he was engaged involved highway cleanup chores. Simpson's duties required him to work part of a day and then go to school a part of that day or that evening. On some occasions the participants in this program of government aid would work all day and not go to school and on other occasions they would go to school all day and not work. Simpson, after his injury in February 1968, continued as a participant in the aid project until April 1969 when his eligibility for aid and assistance in the work training program terminated under applicable governmental regulations.

Simpson stated that he could not engage in manual labor such as shoveling after his return to the aid program because of his pain and discomfort. He is 41 years old; he completed the third grade; he can "read a little"; he can barely write his own name. His work experience in private industry has been confined to coal mining and heavy manual labor. According to his evidence he now cannot do any heavy type of manual labor. The technological advancement in the mining of coal had left him nonemployable because of his lack of education. Hence, the only possible available employment for which he is qualified, heavy manual labor, has been removed from him or his engagement in it seriously impaired by the injury received in the accident.

■ Although defendants complain of a remark made by plaintiff's attorney, they concede that, standing alone, it might not be prejudicial. They argue, nevertheless, that the size of the verdict indicates that the statement to which their complaint is directed probably induced prejudice on the jury's part. We cannot agree. The remark was: "If you want to be right fair about it, just what is a good back worth?" This, apparently, was in reply to a plea by defendant's attorney to the jury to be fair. The trial judge, in effect, admonished plaintiff's counsel not to pursue that tenor of argument. There is no indication that counsel ignored the court's suggestion. We find nothing so intrinsically inflammatory or unfair in the remark that would warrant a finding of prejudicial error in the circumstances presented.

CR 59.01 permits a new trial to be granted where excessive damages appear to have been given "under the influence of passion or prejudice *or* in disregard of the evidence *or* the instructions of the court." In the instant case, defendant's basic argument is that the amount of damages awarded was in disregard of the evidence. Defendants cite no case authority and frankly concede that precedents for comparison of awards purposes are of little value in deciding the issue. The varying factual circumstances make each case unique in the aspect of comparisons.

■ Where a person has been permanently injured, failure to prove his earning capacity or its impairment is not fatal to a recovery. See Spurlock v. Spurlock, Ky., 349 S.W.2d 696. There was substantial evidence on which the jury could base a finding that a permanent injury reduced plaintiff's earning capacity. Specific pecuniary loss is not indispensable for recovery. The medical evidence supported a finding that the particular condition usually caused pain, and the plaintiff's own testimony of the extent and duration of his pain was within the province of the jury to weigh and evaluate. The plaintiff's age was another relevant circumstance.

The trial judge in the exercise of his discretionary authority under CR 59 declined to disturb the results of a trial that he considered fairly conducted. Although the award is liberal, we cannot say, in view of the evidence, that it was so plainly the result of passion or prejudice or was reached so clearly in disregard of the evidence that it must be set aside.

The judgment is affirmed.

All concur.